## SOUTHERN UNDERWRITERS v. ELLIS-SMITH & CO.

### No. 12901.

Court of Civil Appeals of Texas. Dallas.

July 6, 1940.

Will R. Saunders, of Dallas, for plaintiff in error.

Kennemer & Armstrong, of Dallas, for defendant in error.

LOONEY, Justice.

Ellis-Smith & Company, a partnership, sued W. T. Pinkston and wife, Mrs. R. L. Pinkston, in an action of debt, and applied for the issuance of a writ of garnishment against "Southern Underwriters", alleged to be indebted to the defendants, and a resident of Harris County, Texas. The

application for garnishment failed to disclose whether Southern Underwriters was a corporation, a partnership, or an individual operating under that name; nor did it disclose the name of any person upon whom service of the writ could be had.

On April 18, 1938, Ellis-Smith & Company obtained judgment in the main suit against the Pinkstons, for the full amount sued for, and on October 25, 1938, took judgment by default against Southern Underwriters for the amount of the judgment against the Pinkstons, from which, in due time, Southern Underwriters perfected this appeal by writ of error.

Plaintiff in error urges a number of grounds for reversal, several of which, in our judgment, are well taken, but only one will be discussed, because we think it indisputably appears that, the court was without jurisdiction to render the judgment.

Although the judgment entry recites that, " * * * the garnishee, Southern Underwriters, came not, though it appeared to the court that it had been duly and timely served and cited to appear and answer herein, but has wholly defaulted", etc., yet the record contains no writ and, consequently, no return of the officer showing service, and the only evidence found in the record tending to show that a writ was ever issued or served is, an affidavit (bearing no file mark) by a deputy sheriff of Harris County, dated September 22, 1938, to the effect that, on August 4, 1936, two writs of garnishment, issued in cause No. 23,594–A, were turned over to the affiant and were served on same date. No other description of the writ was given, nor does the affidavit state how, or upon whom, service was had. Affiant also stated that the return, giving the name of the individual upon whom service was obtained and the date of service, was mailed to the attorneys, at Dallas, who represented plaintiff in the original suit.

We do not think the affidavit of the deputy sheriff can be considered as part of the record, for any purpose. The statute (Art. 2289, R.C.S.) furnishes ample procedure for the substitution of lost papers, but was not pursued in the instant case. As the record fails to show that a writ of garnishment was ever issued against, or served upon plaintiff in error, it is apparent that, the court was without jurisdiction to render the judgment; therefore, it is reversed and the cause is remanded for further proceedings.

Reversed and remanded.